CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
October 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IVAN D. ANDERSON, JR. ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 7:24-CV-551 |
| ) | |
| v. ) | |
| ) | |
| CARDINAL GLASS INDUSTRIES, INC., ) | By: Hon. Robert S. Ballou |
| ) | United States District Judge |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, Ivan D. Anderson, Jr., seeks to remand this Virginia Human Rights Act case to state court for lack of jurisdiction, asserting that the claimed damages are not above the threshold required for diversity jurisdiction. Defendant Cardinal Glass Industries, Inc., opposes the motion, asserting that Plaintiff's *ad damnum* is not made in good faith and the totality of the circumstances demonstrate that Plaintiff could recover more than $75,000 in damages. For the reasons explained below, the court will **GRANT** Plaintiff's motion and **REMAND** this case to the Circuit Court for the City of Roanoke.

I.  **Background**

Plaintiff filed suit in the Circuit Court for the City of Roanoke alleging claims for violation of the Virginia Human Rights Act, the Americans with Disabilities Act, and the Family Medical Leave Act, and asserted an *ad damnum* of five million dollars. Dkt. 1-2. Before the case was served on Defendant, Plaintiff sought and was granted leave to file an Amended Complaint, which narrowed the counts to two claims for violations of the Virginia Human Rights Act, and reduced the *ad damnum* to "the total amount of seventy-five thousand dollars ($75,000.00) inclusive of costs, attorneys' fees, prejudgment interest, post-judgment interest, and for such

1

other and further relief as may be just and equitable." Dkt. 1-2, p. 22. Defendant removed the case to this court, asserting that "more than $75,000, exclusive of interest and costs, is in controversy." Dkt. 1, p. 2.

Plaintiff now moves to remand the case, contesting that the amount pled in the *ad damnum* clause controls and it does not meet the required damages threshold for diversity jurisdiction. The matter was briefed and a hearing was held on September 24, 2024. At the hearing, Plaintiff's counsel stipulated that the value of the case did not exceed the $75,000 *ad damnum*, inclusive of costs, attorneys' fees, and interest. The court directed Plaintiff to file a stipulation that he would not seek to increase the *ad damnum* beyond that amount if the case was remanded to state court. Plaintiff filed a declaration on October 1, 2024, stating "I do not intend to request damages inclusive of all costs and attorneys' fees, in excess of $75,000;" "[t]he maximum amount I intend to claim from Defendant Cardinal Glass Industries, Inc., is less than the amount in controversy required for diversity jurisdiction;" and "I shall not seek any amendment of this pleading for the sole purpose of increasing the amount requested in the *ad damnum* clause of the First Amended Complaint." Dkt. 21.

II. **Legal Standard**

Federal courts are courts of limited jurisdiction. A defendant can remove a civil action to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal courts have original subject matter jurisdiction in diversity cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" and the parties' citizenship is completely diverse. 28 U.S.C. § 1332(a).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal," (*Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)), who

must "prov[e] jurisdiction by a preponderance of the evidence." *See Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York*, 822 F.3d 739, 748 (4th Cir. 2016)). Because "courts must strictly construe removal jurisdiction," when "federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

"[I]n removal cases, the amount in controversy is governed by the plaintiff's state action complaint as it appears at the time of filing the notice of removal, provided that such amount is demanded in good faith." *Holt v. Food Lion Grocery Store of Chester,* No. 3:18cv503, 2019 WL 112788, at *3 (E.D. Va. Jan. 4, 2019) (citing 28 U.S.C. § 1446(c)(2)). If defendants prove by a preponderance of the evidence that the totality of circumstances indicates that the plaintiff is seeking to recover more than $75,000, the court should deny the plaintiff's motion to remand. *Willoughby v. Kroger*, No. 6:17cv67, 2017 WL 6063075, at *1 (W.D. Va. Dec. 7, 2017) (quoting *Ford-Fisher v. Stone*, No. 206cv575, 2007 WL 190153, at *3 (E.D. Va. Jan. 22, 2007). However, the black letter rule "has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.,* 491 F.3d 171, 176 (4th Cir. 2007) (citing *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961).

### III.   Analysis

In Virginia, the *ad damnum* clause in a plaintiff's complaint caps the amount of his or her potential recovery. *See Brown v. Wal-Mart Stores, Inc.*, No. 5:13CV00081, 2014 WL 60044, *3 n.2 (W.D. Va. Jan. 7, 2014) (quoting Kent Sinclair & Leigh B. Middleditch, Jr., *Virginia Civil Procedure* § 3.2(H) (5th ed. 2008)). Thus, Plaintiff's *ad damnum* clause, if made in good faith, is sufficient to prevent removal because it caps Plaintiff's potential recovery below the requisite

amount in controversy for diversity jurisdiction. *Willoughby,* 2017 WL 6063075, at *2; *Brown,* 2014 WL 60044, at *3.

Defendant argues that Plaintiff's reduced *ad damnum* in the Amended Complaint is an apparent attempt to avoid removal that was not made in good faith, and that the totality of the circumstances indicates that Plaintiff is seeking to recover more than $75,000. Defendant contends that Plaintiff's original *ad damnum* seeking five million dollars together with the nature of the claims at issue and damages recoverable establish that Plaintiff could be awarded more than $75,000. Defendant also notes that "[c]ourts have resolved this concern by requiring plaintiffs seeking to defeat removal jurisdiction in states where the ad damnum clause at the time of filing is not legally binding to file a binding stipulation or affidavit with their complaints." Dkt. 18, p. 9 (quoting *Aikens v. Microsoft Corp.*, 159 Fed. Appx. 471, 476 (4th Cir. 2005) (internal quotations omitted)).

Here, Virginia law caps Plaintiff's recovery to his *ad damnum* clause. Plaintiff's counsel assured the court on the record at the hearing that if the case is remanded, Plaintiff will not seek damages in excess of the current *ad damnum*. Further, Plaintiff signed a declaration under penalty of perjury stating that the maximum amount he intends to claim from Defendant is not in excess of $75,000, inclusive of costs, fees and interest.[1] Accordingly, the amount in controversy fails to meet the requirements set forth in 28 U.S.C. § 1332 and this court has no jurisdiction over this case.

IV. **Conclusion**

As Defendant failed to establish that Plaintiff's *ad damnum* was made in bad faith and

---

[1] The court notes that Plaintiff's declaration includes the ambiguous statement "I shall not seek any amendment of this pleading for the ***sole*** purpose of increasing the amount requested in the *ad damnum* clause of the First Amended Complaint." Dkt. 21. If Plaintiff seeks to increase the *ad damnum* in this case after remand to an amount greater than the diversity jurisdiction threshold, despite having filed a declaration that he does not intend to request damages in excess of $75,000, it may be construed as bad faith by this court.

that the totality of the circumstances establish that Plaintiff is seeking to recover more than $75,000, the court does not have subject matter jurisdiction over this case. Accordingly, Plaintiff's Motion to Remand is **GRANTED** and this case is **REMANDED** to the Circuit Court for the City of Roanoke for further proceedings. An appropriate Order will be entered.

Enter:  October 9, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

5